```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION

LA JOYA GARDENS, L.L.C.        §
                               §
VS.                            §    ACTION NO. 4:06-CV-598-Y
                               §
CHUBB CUSTOM INSURANCE COMPANY,§
ET AL.                         §
```

## ORDER DISMISSING DEFENDANT
## HR AGENCY, INC., AND RETAINING JURISDICTION

On January 18, 2006, plaintiff La Joya Gardens, L.L.C. ("La Joya Gardens"), filed its original petition with the 17th Judicial District Court, Tarrant County, Texas, commencing this action against defendants Chubb Custom Insurance Company ("Chubb Insurance") and HR Agency, Incorporated ("HR Agency"). In its complaint, La Joya Gardens alleges breach of contract against both defendants and violations of Texas insurance code section 541.060 against Chubb Insurance. Chubb Insurance removed La Joya Gardens's state case to federal court under 28 U.S.C. § 1441 alleging diversity jurisdiction under 28 U.S.C. § 1332.

La Joya Gardens is a Texas limited-liability corporation with its principal place of business in California. Chubb Insurance is a Delaware corporation with its principal place of business in Delaware. But HR Agency is an insurance agent doing business in Addison, Texas. Both La Joya Gardens and Chubb Insurance concede that for purposes of determining diversity jurisdiction, HR Agency is a citizen of the state of Texas. Thus, if HR Agency remains a defendant in this case, the Court would lack diversity jurisdiction

since there would not be a complete diversity of citizenship.  *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 187 (1992).

In its notice of removal, Chubb Insurance claims that La Joya Gardens improperly joined HR Agency as a defendant in an effort to preclude diversity jurisdiction.  Specifically, Chubb Insurance contends that,

> Plaintiff fails to plead <u>any</u> fact that supports any cause of action against HR Agency and specifically fails to plead any of these essential elements.  Plaintiff does not even plead that it was party to this contract or that it was a named insured under the contract.  The factual allegations do not even rise to the level of a "hypothetical possibility."  There is no fact pleaded establishing any relationship, including a contractual one, between Plaintiff and HR Agency.

Accordingly, Chubb Insurance argues that La Joya Gardens's cause of action against HR Agency "for breach of contract is meritless on its face."

Based on Chubb Insurance's representations, the Court issued an order directing La Joya Gardens to show cause, among other things, why the Court should not dismiss HR Agency from this case because of La Joya Gardens's failure to state a claim against HR Agency under FED.R.CIV.P. 12(b)(6).  La Joya Gardens filed its response, Chubb Insurance filed a reply, and La Joya Gardens filed a sur-reply.  After review of La Joya Gardens's complaint, Chubb Insurance's notice of removal, and the pleadings in response to the

2

Court's show-cause order, the Court concludes that HR Agency was improperly joined to this suit and thus should be dismissed.

The doctrine of improper joinder is designed to defeat attempts to wrongfully deprive out-of-state defendants of their entitlement to have the suit against them litigated in a federal court. *Alabama Great S. Ry. Co., v. Thompson,* 200 U.S. 206, 218 (1906); *Smallwood v. Illinois Central Railroad Company,* 385 F.3d 568, 575 (5th Cir. 2004). The purpose of the doctrine is to determine whether or not an in-state defendant was properly joined and thus, the focus must be on the joinder and not on the merits of the plaintiff's case. *Smallwood,* 385 F.3d at 573. There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts; or, (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.* It is under the second of these that Chubb Insurance has alleged improper joinder of HR Agency.

The test for improper joinder under the inability to establish a cause of action "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant. . . ." *Id.* In resolving this issue, a district court conducts a FED.R.CIV.P. 12(b)(6) type of analysis and looks to the allegations in the complaint to determine whether the complaint states a claim under state law against the in-state defendant. *Id.* A district court is permitted to pierce the

pleadings and conduct a summary inquiry, but only after first determining that the plaintiff has stated a claim in the complaint. This is for the rare circumstance where a plaintiff has stated a claim "but has misstated or omitted discrete facts that would determine the propriety of joinder." *Id.* The district court is cautioned, however, that "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74. The party seeking removal "bears a heavy burden of proving that the joinder of the in-state party was improper." *Id.* at 574.

As mentioned above and in the Court's show-cause order, Chubb Insurance's notice of removal rests on the argument that La Joya Gardens's compliant fails to state a cause of action against HR Agency for breach of contract under Texas law. In fact, Chubb Insurance argues that "there is no reasonable basis for predicting that [La Joya Gardens] will be able to establish HR Agency's liability on the pleaded claims in state court." (Internal quotations omitted.) The Court agrees.

In its original state complaint, which is still the active pleading in this case, La Joya Gardens brought an action against Chubb Insurance and HR Agency for breach of contract. Under this circumstance, the Court will accept the allegations in La Joya Gardens's complaint as true. *Kaiser Aluminum & Chem. Sales v.*

4

*Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The complaint states that Chubb Insurance issued an insurance policy through its agent, HR Agency, to an entity called Albanian Investments. This policy insured an apartment complex called La Joya Apartments, which Albanian Investments evidently owned and managed.

On March 1, 2005, La Joya Gardens and Albanian Investments entered into a contract for the sale of the La Joya apartment complex. But before the closing of the sale, which occurred on July 18, a fire damaged portions of the apartment complex. Albanian Investments made a claim under its policy and Chubb Insurance sent Albanian Investments a check for $205,644.90, representing Chubb Insurance's determination of the actual cash value of the loss.

La Joya Gardens, still the potential buyer, believed that the amount Chubb Insurance paid was inadequate. La Joya Gardens hired an adjuster who determined that the actual cash value of the loss under the policy should have been $745,000.

At the closing of the sale, Albanian Investments assigned all of its rights under its insurance policy to La Joya Gardens. La Joya Gardens then contacted Chubb Insurance to demand additional payment under the policy since its initial payment did not reflect the actual cash value of the loss. Chubb Insurance, however, refused to acknowledge La Joya Gardens as the assignee, claimed it

had terminated the policy, and made a demand for the return of the $205,644.90 it had originally paid out under its policy. La Joya Gardens then sued both Chubb Insurance and its agent, HR Agency, in state court for breach of contract for Chubb Insurance's failure to perform its obligations under the insurance contract.

The crux of the breach-of-contract claim is that Chubb Insurance failed to indemnify La Joya Gardens, as assignee, under an insurance policy it issued insuring an apartment complex that suffered damage from a fire. The complaint only alleges that HR Agency acted as the agent of Chubb Insurance through which the policy was issued. Accepting that as true, by simply acting as Chubb Insurance's agent, HR Agency did not obligate itself to insure the apartment complex. Nor did it obligate itself to assume responsibility for performance under the contract. There is nothing in the complaint that indicates that HR Agency was a party to the insurance contract or that it had assumed any obligation to perform under it. All the complaint states is that HR Agency was Chubb Insurance's agent through which its policy was issued.

To establish an enforceable contract under Texas law, there must be an offer, acceptance, and consideration. *Dallas Bldg. & Repair v. Butler,* 589 S.W.2d 794, 795-6 (Tex.App.—Dallas 1979, writ dismissed). While HR Agency acted as an agent of Chubb Insurance, the offer of insurance came from Chubb Insurance, not HR Agency. It was Albanian Investments that accepted the offer, not HR Agency.

6

And the consideration, which was probably the premiums, belonged to Chubb Insurance, not HR Agency.  Thus, it appears beyond doubt from the face of La Joya Gardens's complaint that it can prove no set of facts that would entitle it to relief under its breach-of-contract claim.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Garrett v. Commonwealth Mortgage Corp.*, 938 F.2d 592, 594 (5th Cir. 1991); *Kaiser Aluminum*, 677 F.2d at 1050.

In its response to the Court's show-cause order, La Joya Gardens states,

> As a further point of clarification, [La Joya Gardens] believes discovery will show that HR Agency started the chain of events that lead Chubb Insurance to attempt cancellation of its policy to the detriment of [La Joya Gardens]—assignee of the insurance claim—and as a result, HR Agency would be liable for damages it caused.

Then in its sur-reply, La Joya Gardens further states,

> [La Joya Gardens] does not object to its case against Chubb [insurance] being removed to Federal Court. [La Joya Gardens] does object to the allegation by Chubb [Insurance] that HR Agency . . . was sued by La Joya to defeat diversity jurisdiciton.  The intent in suing HR Agency was based on facts yet to be verified that HR Agency determined each month the amount of the total premiums due on the five or so policies handled by the agency for the insured. . . . It is believed that the amount given by HR Agency . . . was less than the amount actually owed by several hundred dollars, which caused the servicing agent to declare the policy in default for failure to make payment.  If true, [La Joya Gardens] intends to seek judgment against HR Agency for its damages either in tort or contract.

7

First, the fact that La Joya Gardens does not oppose its case being removed to federal court is irrelevant. *See Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir. 1999)("A party may neither consent to nor waive federal subject-matter jurisdiction."). And second, La Joya Gardens's response asks the Court to pierce its complaint without first determining whether its complaint states a claim against HR Agency. In its response, La Joya Gardens alleges that HR Agency engaged in conduct that would support a cause of action against it for breach of contract and tort, but states that this is "based on facts yet to be verified . . . [and] critical to sorting this all out is that discovery and disclosure proceed." Essentially, La Joya Gardens is asking the Court to look beyond the bare allegations contained in its complaint against HR Agency and accept its assertions that after further discovery, it will produce evidence that will support a cause of action against HR Agency for claims that as of now, are not even contained in the complaint. But even if the Court could look beyond the complaint, the summary inquiry allowed is strictly limited to identifying "the presence of discrete and undisputed facts. . . ." *Smallwood,* 385 F.3d at 573-74. Mere speculation as to what evidence further discovery may yield is a far cry from identifying discrete and undisputed facts. Moreover,

> It has long been the case that the jurisdiction of the Court depends upon the state of things at the time of the action brought.

8

> This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure. It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial or even for the first time on appeal.

*Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 570-71 (2004)(internal quotations and citations omitted). Thus, the Court is required to determine whether it enjoys subject-matter jurisdiction based upon diversity of citizenship at the time La Joya Gardens filed its complaint and at the time Chubb Insurance filed its notice of removal—not after discovery in the case has occurred. If, at the time of filing, the Court does not enjoy jurisdiction based on complete diversity, the Court cannot nonetheless exercise jurisdiction and allow discovery to proceed.

As discussed above, La Joya Gardens's complaint fails to allege any set of facts, that if true, would validly state a claim for breach of contract against HR Agency. There is absolutely nothing to indicate that HR Agency was a party to the contract, nor is there anything indicating that HR Agency assumed any obligations to ensure performance under it. For that reason, the Court concludes that HR Agency was improperly joined because it is "'clear that there can be no recovery under the law . . . on the cause alleged, or on the facts in view of the law'" as it existed

9

when La Joya Gardens filed its complaint in state court or when Chubb Insurance removed it to this Court. *Smallwood*, 385 F.3d at 573, n.10 (quoting *Parks v. New York Times, Co.*, 308 F.2d 474, 478 (5th Cir. 1962). Accordingly, HR Agency and La Joya Gardens's claim against it are DISMISSED WITHOUT PREJUDICE. Because HR Agency is dismissed as an improperly joined party, Chubb Insurance has met its burden of establishing that the Court enjoys subject-matter jurisdiction based upon a complete diversity of citizenship between La Joya Gardens and Chubb Insurance.

The Court's order also required La Joya Gardens to show cause why sanctions under Fed.R.Civ.P. 11(b)(1), (2), and (c) should not be imposed. Based on La Joya Gardens's response, the Court concludes that sanctions are not warranted.

SIGNED December 4, 2006.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

10