```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION

LA JOYA GARDENS, L.L.C.       §
                              §
VS.                           §   ACTION NO. 4:06-CV-598-Y
                              §
CHUBB CUSTOM INSURANCE COMPANY §
```

                    ORDER DENYING MOTION TO DISMISS

    The Court has before it the motion to dismiss of defendant Chubb Custom Insurance Company ("Chubb Insurance") under Federal Rule of Civil Procedure 12(b)(6) for the failure to state a claim upon which relief can be granted (doc. #13). After review of the pleadings, the Court concludes that it should be DENIED.

I.    Factual Background

    Plaintiff La Joya Gardens, LLC ("La Joya Gardens"), filed suit against Chubb Insurance for breach of contract and unfair settlement practices under TEX INS. CODE § 541.060. According to La Joya Gardens, Chubb Insurance issued an insurance policy to an entity known as Albanian Investments ("Albanian"). The policy was a property casualty policy insuring an apartment complex called La Joya Apartments located in Arlington, Texas.

    On March 1, 2005, La Joya Gardens and Albanian entered into a contract for the sale of the apartments from Albanian to La Joya Gardens. But on March 21 and before the closing of the purchase, a fire broke out that damaged portions of the apartments.

    Albanian made a claim under its policy with Chubb Insurance for the damages caused by the fire. On April 15, Chubb Insurance

sent Albanian a check for $205,644.90, Chubb Insurance's determination of the actual cash value of the loss due to the fire.

As the potential buyer of the apartments, La Joya Gardens believed that the amount of damages far exceeded the amount paid by Chubb Insurance, and hired a public adjuster to value the loss. The public adjuster opined that the actual cash value of the loss under the policy was $745,000.

The sale of the apartments was closed on July 18. At the closing, Albanian assigned to La Joya Gardens its causes of action under the insurance contract and the insurance proceeds it had received from Chubb Insurance as a result of the fire. The proceeds paid by Chubb Insurance were deposited with KeyCorp Real Estate Capital Markets, Incorporated ("KeyBank"), the lender holding a mortgage against the apartments.

Thereafter, La Joya Gardens contacted Chubb Insurance and demanded it pay the actual cash value of $745,000. Chubb Insurance, however, refused to recognize La Joya Gardens as Albanian's assignee and it refused to acknowledge that the insurance claim had been assigned to La Joya Gardens. Chubb Insurance further claimed that Albanian's policy had been terminated prior to the date of the fire and disclaimed any obligations under the policy. Chubb Insurance then made a demand on KeyBank to refund the $205,644.90 claiming it had been paid in error.

2

II. Analysis

    A.   Standard

A motion to dismiss for a failure to state a claim "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)(internal quotations and citations omitted). The court must accept as true all well pleaded, non-conclusory allegations in the complaint, must liberally construe the complaint in favor of the plaintiff, and resolve all doubts in the plaintiff's favor. *See Kaiser Aluminum*, 677 F.2d at 1050; *Collins, et al. v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000). Conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as factual [allegations] will not suffice to prevent the granting of a motion to dismiss. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993); *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997); *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 930 (5th Cir. 1995). A court should not dismiss a complaint for failure to state a claim unless it appears beyond doubt from the face of the plaintiff's pleadings that he cannot prove any set of facts in support of his claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Garrett v. Commonwealth*

*Mortgage Corp.*, 938 F.2d 592, 594 (5th Cir. 1991); *Kaiser Aluminum*, 677 F.2d at 1050.

> The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint.

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002).

B.   Discussion

Chubb Insurance argues that La Joya Gardens's complaint should be dismissed because it fails to allege that La Joya Gardens has a valid enforceable contract with Chubb Insurance. Chubb Insurance contends that La Joya Gardens's conclusory allegation in its complaint "of an unidentified assignment" between Albanian and La Joya Gardens "does not create a contract with Chubb [Insurance] nor does it state a valid cause of action" for breach of contract. (Def.'s Mot. to Dismiss at 2.) Chubb Insurance complains that the allegations fail to set out the terms of the assignment or say whether the insurance contract even permits such assignments.

La Joya Gardens counters that it did not plead to being a named insured under the contract, but that it alleged that it is an assignee of a claim that arose from an insurance policy Chubb Insurance issued and then breached. In other words, La Joya Gardens argues that Albanian did not assign or attempt to assign its insurance contract to La Joya Gardens, but that Albanian

4

assigned all of its causes of action it had against Chubb Insurance for its failure to honor the policy.

Under Texas law, causes of action "are generally considered freely alienable." *PPG Industries, Inc. v. JMB/Houston Centers Partners Ltd. Partnership,* 146 S.W.3d 79, 106 (Tex. 2004). Not all claims are assignable however; exceptions may be required due to equity and public policy. *Id.* at 87; *see e.g. State Farm Fire & Casualty Company v. Gandy,* 925 S.W.2d 696, 712 (Tex. 1996)(holding settlement between plaintiff and defendant that included assignment from defendant to plaintiff of its causes of action against defendant's insurer violated public policy). "To recover on an assigned cause of action, one must plead and prove that a cause of action capable of being assigned *existed* and *was assigned* to the party alleging the theory of assignment." *Pape Equipment Company, et al. v. I.C.S., Inc.,* 737 S.W.2d 397, 399 (Tex. App.—Houston 1987, writ denied)(emphasis in original). Once a cause of action is assigned, "the assignee becomes the real party in interest with the authority to prosecute the suit to judgment." *Southern County Mutual Insurance Company, et al. v. Ochoa,* 19 S.W.3d 452, 465 (Tex. App.—Corpus Christi [13th Dist.] 2000, no pet.). The assignee stands in the same position as the assignor and may assert only those rights that the assignor possessed. *Adams, et al. v. Petrade International, Inc., et al.,* 754 S.W.2d 696, 720 (Tex. App.—Houston 1988, no pet.).

Chubb Insurance does not argue that Albanian's purported assignment of its causes of action to La Joya Gardens violates

public policy. Instead, Chubb Insurance argues that La Joya Gardens failed to plead that the insurance policy permits assignments and that La Joya Gardens failed to plead the details regarding the assignment. But as La Joya Gardens points out, it did not plead that Albanian assigned its insurance policy to La Joya Gardens; rather, the complaint alleges that Albanian assigned all of its causes of action against Chubb Insurance to La Joya Gardens. Thus, whether the insurance policy permits its assignment is irrelevant since the policy was never assigned.

Further, for purposes of a complaint, the details of the assignment are not necessary. A complaint need only contain a short and plain statement of the claim. FED.R.CIV.P. 8(a). The Federal Rules of Civil Procedure

> do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a "short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

*Conley v. Gibson,* 355 U.S. 41, 47 (1957). La Joya Gardens's complaint contains sufficient facts giving Chubb Insurance notice that Albanian was its insured, that property Chubb Insurance insured suffered damage as a result of a fire, that Albanian filed a property casualty claim under its policy with Chubb Insurance, that Chubb Insurance failed to perform under the policy, and that Albanian assigned to La Joya Gardens its rights to recover against Chubb Insurance for its failure to perform under the contract. Whether La Joya Gardens can actually prove the assignment is not a

6

question appropriately disposed of by a motion to dismiss under Rule 12(b)(6).

Turning to La Joya Gardens's claim under section 541.060 of the Texas Insurance Code, Chubb Insurance argues that the complaint fails to allege that La Joya Gardens is an insured or a beneficiary under the policy. Also, because Chubb Insurance is not in breach of the insurance policy, Chubb Insurance argues that it is not liable under section 541.060. La Joya Gardens contends that it is, in essence, a beneficiary under the policy because it is the assignee of Albanian's rights to the benefits under the policy. Naturally, La Joya Gardens contests whether in fact Chubb Insurance is in breach of the insurance contract.

Under section 541.060 of the Texas Insurance Code, an insured has a cause of action against his insurer for unfair settlement practices when the insurer unfairly refuses to pay on a valid claim. *See Vail v. Texas Farm Bureau Mutual Insurance Company,* 754 S.W.2d 129, 134, 136 (Tex. 1988). Specifically, La Joya Gardens has alleged that Chubb Insurance failed to make a good-faith attempt to effectuate a prompt, fair, and equitable settlement of Albanian's claim, as to which Chubb Insurance's liability has become reasonably clear, and that Chubb Insurance refused to pay the claim without conducting a reasonable investigation with respect to the claim. *See* Tex. Ins. Code § 541.060(a)(2)(A), (a)(7); *Vail,* 754 S.W.2d at 134.

A cause of action for unfair settlement practices is assignable. *See Charles v. Tamez,* 878 S.W.2d 201, 208 (Tex. App.—Corpus

7

Christi 1994, writ denied). As assignee, La Joya Gardens stands in the same position as Albanian. *Adams,* 754 S.W.2d at 720. Thus, under Texas law, La Joya Gardens has standing to pursue a cause of action against Chubb Insurance under section 541.060.

Chubb Insurance relies on *Allstate Insurance Company v. Watson,* 876 S.W.2d 145, 149-50 (Tex. 1994), for the proposition that section 541.060 expressly limits a cause of action to an insured or beneficiary of an insurance contract. *See also* Tex. Ins. Code § 541.060(b)("Subsection (a) does not provide a cause of action to a third party asserting one or more claims against an insured covered under a liability policy."). *Allstate Insurance,* however, is clearly distinguishable from this case.

In *Allstate Insurance,* a third-party claimant, Watson, was injured in a car accident. *Id.* at 146. Allstate insured the driver of the other car. *Id.* Watson filed suit against the other driver alleging negligence and filed suit against Allstate alleging it engaged in unfair settlement practices by failing to make a good-faith attempt to effectuate prompt settlement of her claims where liability had become reasonably clear and in denying or unreasonably delaying payment of her claim. *Id.*

The Texas Supreme Court held that a third-party claimant did not have a cause of action against an insurer for unfair settlement practices under the statute. *Id.* at 146. The Texas court declined "to extend to a party adverse to the insured, the same duties and obligations insurers owe to their insureds . . . ." *Id.* at 147. By contrast, La Joya Gardens is not a party adverse to Albanian.

8

Instead, La Joya Gardens is an assignee of all of Albanian's rights as Chubb Insurance's insured. As such, La Joya Gardens stands in the same position as Albanian. *Adams*, 754 S.W.2d at 720. Thus, *Allstate Insurance* is not applicable and La Joya Gardens has standing to sue Chubb Insurance under section 541.060 of the Texas Insurance Code.

Finally, whether Chubb Insurance breached the insurance policy is a question of fact. Although Chubb Insurance denies it is in breach, La Joya Gardens contends that it is. For purposes of a Rule 12(b)(6) motion to dismiss, however, the Court is required to resolve all factual disputes in La Joya Gardens's favor. *See Kaiser Aluminum*, 677 F.2d at 1050.

III. Conclusion

Accordingly, for the foregoing reasons, Chubb Insurance's motion to dismiss is DENIED.

SIGNED May 17, 2007.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE